# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00588-CV

**In re State of Texas *ex rel.* Wesley Mau, Hays County Criminal District Attorney**

### ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

This is a mandamus proceeding that arises from the prosecution of Jose Rivera, Jr., the real party in interest, for misdemeanor family violence assault. *See* Tex. Penal Code § 22.01. After initially pleading not guilty, during the presentation of evidence in the guilt-innocence phase of jury trial, Rivera changed his plea to guilty. The trial court, therefore, instructed the jury to return a guilty verdict, which it did. The trial court then dismissed the jury and conducted a punishment hearing. At the conclusion of the punishment hearing, the trial court deferred adjudication of Rivera and placed him on community supervision. *See* Tex. Code Crim. Proc. art. 42A.101.

Relator, the State of Texas, acting by and through the Criminal District Attorney for Hays County, Texas, Wesley Mau, filed a petition for writ of mandamus with this Court seeking mandamus relief against Respondent, the Honorable David Glickler, presiding judge of the County Court at Law No. 2 of Hays County, Texas. *See* Tex. Gov't Code § 22.221; Tex. R. App. P. 52. In its mandamus petition, the State asked this Court to compel the trial court to vacate its order deferring adjudication, enter judgment on the jury verdict of guilty, and empanel a jury to assess Rivera's punishment. We concluded that the State did not demonstrate entitlement to mandamus

relief and denied the petition. *See In re State ex rel. Mau*, No. 03-17-00588-CV, 2017 WL 5985510, at *1 (Tex. App.—Austin Dec. 1, 2017, orig. proceeding).

The State sought mandamus relief against this Court in the Court of Criminal Appeals, asking that court to compel this Court to mandamus the trial court to withdraw its order deferring adjudication, enter judgment on the jury's verdict of guilty in the minutes of the court, and empanel a jury to determine Rivera's punishment. The Court of Criminal Appeals concluded "that the trial court was without authority to enter an order of deferred adjudication community supervision in this case; that the State therefore has a clear right to compel the trial court to rescind that order; and that the State has no adequate remedy at law to challenge that order." *State ex rel. Mau v. Third Court of Appeals*, — S.W.3d —, No. WR-87,818-01, 2018 WL 5623985, at *6 (Tex. Crim. App. Oct. 31, 2018) (orig. proceeding). The court conditionally granted mandamus relief against this Court, directed us "to order the trial court to rescind the order granting deferred adjudication," and denied any further relief. *Id.*

Accordingly, we withdraw our memorandum opinion dated December 1, 2017, and substitute this memorandum opinion in its place. In accordance with the opinion of the Court of Criminal Appeals, we conditionally grant the State's petition for writ of mandamus, in part, and direct Respondent to rescind his order granting deferred adjudication community supervision. The writ of mandamus will issue only if Respondent fails to act in accordance with this opinion.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Field, and Bourland

Filed: November 9, 2018

3